Gertrude Pellegrin, sixteen year old daughter of the defendants in this suit, Elie Pellegrin and Lorenca Benoit Pellegrin, his wife, married the plaintiff when he was in the United States Navy during the recent war. Their marriage does not seem to have been a very happy one from the very beginning and four months after they had been in Galveston together, the young girl returned to her parents' home at Grand Caillou in Terrebonne Parish to live with them. She says that she did so because she had become pregnant. Some time after, he was sent overseas, remaining there several months, during all of which time she resided with her father and mother and after her baby was born she continued to stay with them.
The plaintiff had had the regular government allotment of $50 a month, supplemented with $22 a month out of his own salary, made to his wife. After the baby came the wife's allotment was increased to $80. The checks came regularly and she cashed them, and the money was placed in a green metal box which was kept in the bed room of her father and mother.
When the plaintiff returned from the service he went to live with his wife at her parents' home but apparently he was not satisfied to stay there and the differences between them grew worse. He had brought back some money and afterwards earned more while at work with his father-in-law and all of this was also deposited in the metal box as the intention at the time seemed to have been for them to build a home as soon as building material could be made available.
In the meantime things continued to go worse and resulted in a separation between them. Part of the controversy was over *Page 396 
the status of the funds in the box, especially whether the allotment which had been made to the wife constituted community or separate property.
Plaintiff finally instituted a suit for separation from bed and board against his wife. On the same day, he instituted this suit against her parents asking for a writ of sequestration of the box in which the funds were kept and praying that the status of the funds be determined by the court. In answer to the suit the defendants obeyed the order of sequestration by turning the box over to the sheriff but defendant Elie Pellegrin also reconvened setting out that plaintiff owed him a substantial sum of money for board and lodging of his wife and child and prayed that he recover judgment against him for the amount claimed.
Both this suit and the suit for separation from bed and board were tried together with the stipulation that a separate judgment be rendered in each case. We are informed by counsel that the suit for separation from bed and board was decided in favor of the wife whereupon an appeal was taken, and properly so, to the Supreme Court. The present suit was decided in favor of the plaintiff, maintaining the sequestration to the extent of $440.22 and then in favor of the defendant and against the plaintiff on the reconventional demand in the sum of $309.42. The trial judge did not assign written reasons for judgment but apparently he held that out of the $1222 contained in the box, only the sum of $440.22 were community funds. In as much as he held the defendant Elie Pellegrin entitled to recover on his reconventional demand he necessarily must have held that that was a debt of the community. From this last judgment plaintiff took an appeal to this court.
Counsel for the defendants-appellants have filed a motion asking that the appeal be dismissed or transferred to the Supreme Court. The motion is based on the proposition that both these suits involve a question of separation of bed and board between spouses and also a separation of property and that under the constitutional provisions, jurisdiction on appeal in such cases lies exclusively in the Supreme Court. Const. Art. VII, Sec. 10.
Counsel for plaintiff, appellee have filed an answer to the motion to dismiss insisting that these are two separate causes of action between different parties and that this suit involves merely the right of the plaintiff, as head and master of the community between himself and his wife, to have and execute possession and ownership of property belonging to the community, wrongfully withheld by the defendants in this case.
Assuming, as counsel states in his answer to the motion to dismiss, that the defendants were wrongfully withholding community property which the plaintiff is entitled to possession of, the question presented is nevertheless one involving the status of that property. Even then, these defendants, conceding they were trying to withhold the property, complied at once with the order of sequestration and the property is now in the custody of the court. As far as they are concerned therefore, and whatever relation they may ever have borne to the property, they are no longer concerned in the matter as certainly they have no right to defend any issue regarding the status of the property as claimed by the plaintiff. It is true one of them has filed a demand in reconvention against the plaintiff, but against him only in his capacity as head and master of the community, and even though this demand should be made an issue on the appeal it has to follow the appeal on the main demand which goes directly to the Supreme Court.
The motion to transfer the appeal is properly taken and as that is the only point with which we are concerned, the appeal will be transferred.
For the reasons stated, it is ordered that, in accordance with the provisions of Act No. 19 of 1912, the appeal in this case be transferred to the Supreme Court of the State, within sixty days from the finality of this decree, otherwise the appeal to stand dismissed. *Page 397